Monell, J.
That Draper was in fact the broker of the plaintiff; was employed by him to make the purchase; and that the plaintiff furnished the $1,000 deposit, is conceded. The defendants claim of set-off rests, in Draper’s having-given the order in his own name, and his furnishing the money as his own, without disclosing his principal. The elementary writers make a distinction between factors and brokers. The latter are described as persons employed to make bargains and contracts between other persons in matters of trade, for a compensation commonly called brokerage; while the former is intrusted with the property which is the subject of his agency. (1 Parsons on Contracts, 78; Story on Agency, ^ 28.) Parsons says, (vol. 2, p. 250,) a broker being one to whom goods are not intrusted, and who usually and properly sells in the name of his principal, and who is understood to be only an agent. Whether he sells in his own name or not, he stands only on the footing of an agent; and hence, he says, if an action be brought by the agent, in his own name, for a debt due to his principal, the defendant may set off a debt due from the principal. And Story says, (§ 28,) if a broker sells the goods of his principal, in his own name, (without any special authority to do so,) inasmuch as he exceeds his authority, the principal will have the samé rights and remedies against the purchaser, as if his name had been disclosed by the broker.
The right to set off a debt against the factor when the principal is not disclosed, arises, first, from the factor’s having the goods in his possession, and, second, from his general lieu. In the case of brokers, with the single exception of insurance brokers, a general lien does not exist. (Russell on Factors, 193.) And it is only in virtue *420 of this general lien in favor of factors, that they have the right to dispose of the property as their own.
The $1,000 deposit was as security that-the contract of purchase would be fulfilled. It was to indemnify the defendants against loss, if Draper should fail to comply . with the terms of the contract. It could be held for that purpose, and for no other. Upon Draper’s failing to complete the purchase, it could be retained to meet any loss occasioned by a depreciation of the stock. In this case it was so used to the extent of $386.62.
The defense of set-off of a debt against Draper was properly overruled. Feither under the Revised Statutes, as a set-off, nor under the Oode, as a counterclaim, cohid it be allowed. It did not exist in favor of the defendants against the plaintiff. (3 R. S., (5th ed.,) 635, Code, § 150.)
The transaction constituted Draper the broker of the plaintiff, and it is immaterial whether he made the contract in his own name or in the name of his principal. He had no general lien on the plaintiff’s money which gave him a right to dispose of it to the plaintiff’s prejudice; and so long as the defendants parted with nothing, made no new advance upon the contract or upon the moneys deposited as sécurity, they acquired no right to absorb the plaintiff’s money in extinguishing a debt due from Draper to them.
It was not necessary to prove that Draper was the plaintiff’s broker. The transaction itself sufficiently characterized the nature of his agency, and the existence of the fact ■of agency., whether known to the defendants or not, would deprive the defendants of the right to retain the plaintiff’s money to pay Draper’s debt.
Any evidence, therefore, tending to show that the defendants were informed for whose account the order was given, was immaterial, and its admission under objection was error.
The subsequent withdrawal of this evidence, however, .by the plaintiff, cured the error.
*421 The defendants have no equity. They lost nothing, and should not gain anything from a third and innocent party.
I see no reason for' disturbing the judgment. It must therefore be affirmed.
Bosworth, Ch. J.'
Bussell, on Factors and Brokers, states the law to be, that only one class of brokers possess the right of general lien possessed by factors, (pp. 191, 196.) That class consists of insurance brokers. I find no case which holds that a stock broker possesses this right. The justice and equity of the case are with the plaintiff, and I am unwilling to reverse a judgment which is just in itself, without any authority to justify the reversal, especially when the judgment is supported not only by its intrinsic justice, but by standard writers upon elementary law.